IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MONTE C. WASHINGTON**
    **Petitioner,**

v.                    **CIVIL ACTION NO.: 3:19-CV-124**

**G. GOMEZ,**
**Warden FCI Morgantown,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 5, 2019, Petitioner acting pro se filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Attached to the petition were a "motion for relief as to execution of sentence" which appears to be a memorandum of law related to the petition, and an exhibit. ECF Nos. 1-1, 1-2.[1] Petitioner is a federal inmate housed at FCI Morgantown, who challenges the alleged misapplication of Federal Bureau of Prisons ("BOP") policy related to the Residential Drug Abuse Program ("RDAP") by BOP officials.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:19-CV-124, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence[2]

On April 18, 2013, Petitioner and several co-defendants were indicted in the Middle District of Florida, case number 5:13-CR-28. ECF No. 1. On August 6, 2013, Petitioner agreed to enter a guilty plea to conspiracy to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 842(b)(1)(A), and on August 12, 2013, he entered his plea before the magistrate judge. ECF Nos. 171, 183. On September 3, 2013, the district court accepted Petitioner's guilty plea. ECF No. 212. On February 20, 2014, Petitioner was sentenced to 155 months of incarceration. ECF No. 392. The district court reduced Petitioner's sentence to 108 months on March 28, 2016. ECF No. 465. A review of the docket and PACER shows that Petitioner did not appeal his conviction or sentence.

### B.     Motions for Post-Conviction Relief

On June 24, 2016, Petitioner filed a motion to vacate or set aside pursuant to 28 U.S.C. § 2255, which was also filed in civil action number 5:16-CV-423. ECF No. 467. On November 24, 2017, the district court denied the motion to vacate as time-barred. ECF Nos. 479, 480.

### C.     Instant 2241 Petition

Petitioner's single claim for relief is that in the execution of his sentence by the BOP, he has been improperly denied a sentence reduction pursuant to 18 U.S.C. §

---

[2] The facts in sections II.A. and II.B. are taken from the docket of Petitioner's criminal case, Case Number 5:13-CR-28 in the Middle District of Florida, which is available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

2

3621(e)(2)(B).  ECF No. 1 at 5.  Petitioner states that he did not exhaust available administrative remedies, because "[t]he Bureau of Prisons will not acknowledge any argumentation through administrative remedy as to the issue presented."  Id. at 7 – 8.  For relief, Petitioner asks the Court to grant "all relief it deems appropriate as to the argument presented involving the execution of sentence relating to eligibility for sentence reduction after petitioner completes the RDAP."  ECF No. 1-1 at 6.

On September 23, 2019, Respondent filed a motion to dismiss, or in the alternative, for summary judgment.  ECF No. 11.  Respondent argued that Petitioner is not entitled to relief because: (1) 18 U.S.C. § 3652 precludes judicial review of sentence reductions by the BOP; (2) the BOP's denial of early release was based on proper standards; (3) void for vagueness challenges do not apply to RDAP early release eligibility determinations; and (4) Petitioner has failed to exhaust his administrative remedies.  Id.

A Roseboro notice was issued by the Court on September 24, 2019, and service was accepted for the notice on September 27, 2019.  ECF Nos. 13, 17.  On October 2, 2019, Petitioner filed a motion requesting an extension of time to respond, which motion was granted on October 7, 2019, giving Petitioner 60 days from receipt of the order to file any response.  ECF Nos. 14, 15.  Service for the order was accepted on October 10, 2019.  More than sixty days have elapsed since service was accepted but Petitioner has not filed any opposition to Respondent's motion to dismiss or for summary judgment.

### III.   LEGAL STANDARD

**A.   Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se

3

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.   ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the

5

case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner has not claimed any excuse for his failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust available administrative remedies. ECF No. 1 at 7 – 8. Respondent argues that Petitioner's failure to exhaust merits dismissal of this action. ECF No. 11-1 at 14 – 17. Further, attached to his motion to dismiss, Respondent provided a declaration of Wesley Zurovec, a paralegal specialist for the BOP assigned to the Designation and Sentence Computation Center.

ECF No. 11-2. Zurovec's declaration states that on September 11, 2019, he "searched for available records on SENTRY, the BOP's database that includes records of inmate administrate remedy submissions [which] revealed Petitioner has not filed an administrative remedy request contesting his eligibility for early release." Id. at 7, ¶ 22. Attached to the declaration is a copy of a SENTRY listing of four administrative remedies filed by Petitioner, all of which related to dental care. ECF No. 11-3 at 49.

Because Petitioner has failed to exhaust all administrative remedies available to him, related to his claim that he is entitled to sentence reduction. Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Respondent's motion to dismiss [ECF No. 11] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections

should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** April 13, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE